```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
DIOGENES FELIPE POLO, ANYELISSA
POLO FRANCO, NELSON JULIAN
SANDOVAL TATIS,

                Plaintiffs,

        - against -
                                        MEMORANDUM AND ORDER
SASA MIRKOVIC, TPINE LEASING
CAPITAL CORPORATION, BLUE LAND          23 Civ. 6164 (NRB)
TRANSPORTATION INC.,

                Defendants.

-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This personal injury case arises from a collision which occurred in the Bronx on April 27, 2023. Plaintiffs sued defendants Sasa Mirkovic, TPine Leasing Capital Corporation (TPine Leasing"), and Blue Land Transportation Inc. ("Blue Land"). According to the complaint, TPine Leasing owned the tractor truck and had leased the vehicle to Blue Land. ECF No. 1-1 ("Compl.") ¶¶ 11-14; ECF No. 7 ("Answer") ¶¶ 11-14. Mirkovic operated the truck with the "knowledge, permission and consent" of Blue Land. Compl. ¶¶ 10, 18, 24; Answer ¶ 26.

Plaintiffs filed the complaint on June 22, 2023 in the Supreme Court of the State of New York. On July 18, 2023, defendants removed the case to this Court based on diversity of citizenship. ECF No. 5. Defendants now move to dismiss the complaint against

TPine Leasing, arguing that 49 U.S.C. § 30106, known as the Graves Amendment, bars this action against TPine Leasing. ECF No. 25 ("Mot."). As the relevant facts are undisputed, this motion presents an issue of law. For the reasons set forth below, the Court grants defendants' motion and dismisses the action against TPine Leasing.

## DISCUSSION

The Graves Amendment was "enacted to protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the car." Rein v. CAB East LLC, 08 Civ. 2899 (PAC), 2009 WL 1748905, *2 (S.D.N.Y. June 22, 2009). Specifically, the Graves Amendment provides that:

> An owner of a motor vehicle that . . . leases the vehicle to a person ... shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle . . ., for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
>
>     (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
>
>     (2) there is no negligence or criminal wrongdoing on the part of the owner. . . .

49 U.S.C. § 30106(a).  The Graves Amendment "expressly preempts the vicarious liability provisions of [New York Vehicle and Traffic Law] § 388."  Rein, 2009 WL 1748905, at *3.

Defendants seek dismissal of the complaint against TPine Leasing on the ground that the Graves Amendment bars plaintiffs from bringing a vicarious liability action against a company engaged in the business of leasing motor vehicles.  Plaintiffs respond by arguing that the Graves Amendment does not apply to TPine Leasing because all defendants are Canadian domiciliaries, while essentially conceding that the Graves Amendment would otherwise apply.  Specifically, plaintiffs do not dispute that TPine Leasing owned the tractor truck, that TPine Leasing leased it to Blue Pine, and that TPine Leasing was "engaged in the trade or business of renting or leasing motor vehicles."  49 U.S.C. § 30106(a); ECF No. 18 ("Opp.") at 4-5.  Moreover, they do not contend that TPine Leasing acted negligently or criminally.[1]

---

[1] Although plaintiffs generally allege that "the Defendants were negligent and careless in the maintenance, operation, ownership, entrustment and control" of the vehicle, Compl. ¶¶ 27, 29, plaintiffs affirmatively state in their opposition that "issue is not taken with" the facts described in the Preliminary Statement, Background, and Procedural History sections of defendants' motion as it relates to "[the] factual components [bearing] on the relationship between the two corporate defendants." Opp. at 4.  These sections of defendants' motion include a statement that "TPine Leasing did not engage in repair, maintenance, delivery, service, operation, management, possession, supervision, control and/or inspection of the tractor" and that "[a]ll maintenance is performed by Blue Land." Mot. 5-6.  Further to this point, plaintiffs do not argue in their opposition that TPine Leasing acted negligently or criminally with respect to the tractor truck.

However, plaintiffs do argue that the Graves Amendment does not apply to TPine Leasing because it is a Canadian company subject to Canadian law.  See generally Opp.  They also allege that the leasing contract between Blue Land and TPine Leasing provides that the laws of the jurisdiction in which the tractor truck was delivered to Blue Land govern this dispute.[2]  Id. at 4, 8, 9; see ECF No. 24-3 ("Lease Agreement").

These arguments are advanced without a basis in law.  First, under the well-settled conflict of law principles articulated in Neumeier v. Kuehner, when a driver and an injured party are domiciled in different states (in the case of Neumeier, Canada and the state of New York), the law of the state in which the accident occurred will apply, unless it is "shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants."  31 N.Y.2d 121, 128 (1972) (citing Restatement (Second) of Conflict of Laws §§ 146, 159 (1969)); see also Berkan v. Penske Truck Leasing Canada, Inc., 535 F. Supp. 2d 341, 344 (W.D.N.Y. 2008) (relying on

---

[2] Specifically, plaintiffs point to Section 22 of the Lease Agreement, which provides: "This Lease Agreement shall be governed by the laws of the jurisdiction of which the Equipment was originally delivered to the Lessee." Lease Agreement § 22.

the Neumeier rule to find that a Canadian leasing company was exempt from liability pursuant to the Graves Amendment where the driver resided in Canada, the plaintiffs resided in New York, and the accident occurred in New York). Here, it is undisputed that the accident occurred in New York, that plaintiffs reside in New York, and that defendants reside in Canada. Plaintiffs cite to numerous provisions of Canadian law, but fail to grapple with established caselaw that the law of the place in which the accident occurred is controlling. Moreover, plaintiffs have not made any showing that would justify disregarding the general Neumeier rule to instead apply Canadian tort law.

Second, plaintiffs' contention that the choice of law provision in the Lease Agreement requires the application of Canadian law is misplaced. The choice of law provision clearly governs contractual disputes arising from the Lease Agreement between TPine Leasing and Blue Land, not lawsuits brought by third parties.

Thus, the Court finds that the Graves Amendment bars plaintiffs' suit against TPine Leasing.

## CONCLUSION

Accordingly, TPine Leasing is dismissed from this complaint. The Clerk of the Court is respectfully directed to close the

motion pending at ECF No. 23.

**SO ORDERED.**

Dated:   April 26, 2024
         New York, New York

_____
      NAOMI REICE BUCHWALD
  UNITED STATES DISTRICT JUDGE