UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
DIOGENES FELIPE POLO, ANYELISSA POLO FRANCO, and NELSON JULIAN SANDOVAL TATIS

Plaintiffs,

- against -

SASA MIRKOVIC, TPINE LEASING CAPITAL CORPORATION, and BLUE LAND TRANSPORTATION INC.

Defendants.
--------------------------------------X

**MEMORANDUM AND ORDER**

23 Civ. 6164 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

## I. Background

This personal injury case arises from a vehicle collision which occurred in the Bronx, New York on April 27, 2023. Plaintiffs sued Sasa Mirkovic, TPine Leasing Capital Corporation, and Blue Land Transportation. ECF No. 1-1. Plaintiffs filed the complaint on June 22, 2023 in the Supreme Court of the State of New York. Id. On July 18, 2023, defendants removed the case to this Court based on diversity of citizenship. ECF No. 5. In a Memorandum and Order dated April 26, 2024, this Court concluded that the Graves Amendment barred plaintiffs' suit against TPine Leasing Capital Corporation and dismissed it from the case. ECF No. 34. In May 2024, the parties proposed, and this Court approved, a schedule pursuant to which: (i) fact discovery was to

conclude on June 5, 2024; (ii) expert discovery was to conclude on August 21, 2024; (iii) expert depositions, if any, were to take place by September 18, 2024; and (iv) the parties were to submit pre-motion conference letters for all dispositive motions no later than September 25, 2024. ECF No. 37.

Over the ensuing 15 months, the Court received and granted ten requests substantially extending the discovery period in this case. See, e.g., ECF Nos. 38, 39, 44, 47, 49, 52, 54, 56, 58, and 61. The penultimate status report filed by the parties on October 1, 2025 represented that expert discovery was complete and requested referral to this District's mediation program. ECF No. 62. The Court referred this case to mediation on October 21, 2025. ECF No. 66.

In response to an email request from this Court for a status update, plaintiffs, on April 28, 2026, for the first time requested leave to: (i) take the deposition of corporate defendant Blue Land Transportation Inc.; (ii) serve disclosures concerning a "life care planning expert" and a "biomechanical/accident reconstruction expert"; and (iii) take the deposition of defendants' accident reconstruction expert, whose report was disclosed in August 2025. ECF No. 68. The Court denied the request in a letter dated May 1, 2026, citing numerous extensions of the discovery period and

stating that plaintiffs had offered no explanation to justify re-opening discovery in a case filed three years ago. ECF No. 69.

**DISCUSSION**

Plaintiffs have moved to reargue, essentially contending that the potential prejudice to their clients from counsel's failure to timely engage experts and depose defendants' expert should be forgiven in the interest of justice. ECF No. 70. Plaintiffs have dropped their requests to take the deposition of corporate defendant Blue Land Transportation Inc. and serve disclosures concerning a "life care planning expert," now seeking only to disclose a "biomechanical/accident reconstruction expert" and depose defendants' accident reconstruction expert. Id. at 3. While there may be cases in which the Court should come to counsel's rescue, this is not one of them. There can be no dispute that defendants' counsel timely provided Kevin Tully's 51-page expert report to several attorneys at plaintiffs' counsel's firm on August 10, 2025, and that defendants' counsel once again, after the mediation on February 3, 2026, provided courtesy copies of the report to Mark Getzoni, the author of plaintiffs' instant motion for reconsideration.[1] ECF Nos. 73-1, 73-3. No explanation is

[1] Though Mr. Getzoni was not included on the original August 10, 2025 email attaching defendants' disclosure of the report, that email was sent to two other attorneys, Ruben Davidoff, the principal of Davidoff Law, and Catherine

proffered as to why plaintiffs' counsel did not take any steps to counter the report after it was disclosed on August 10, 2025, or after the February 3, 2026 mediation, or after defendants' counsel's February 6, 2026 courtesy provision of the report.[2]

What plaintiffs' counsel's argument ignores are the institutional and systemic benefits of judicial case management and discovery schedules. In many ways, such monitoring benefits plaintiffs who typically are more motivated to resolve litigation sooner. The suggestion that the Court, who in this case provided ample extensions and supervision, should ignore the litigation history when plaintiffs' counsel has not articulated a persuasive reason to be excused from compliance with scheduling orders, simply cannot be tolerated.

---

Fiorentino, as well as paralegal Franklyn Bernabe. ECF Nos. 73-1, 73-2, and 73-3. Mr. Davidoff, who was included on the August 10, 2025 email, attended the February 3, 2026 mediation on behalf of plaintiffs. ECF No. 73 at 4.

[2] Plaintiffs' counsel's only specific excuse is his claim to have been misled by the opening paragraph of defendants' expert disclosure, which inadvertently referenced the disclosure of a "medical expert." ECF No. 70-3 at 1; ECF No. 70 at 5-6. What plaintiffs' counsel chooses to leave out is that within 15 words, the named expert has "B.E. Mech. Eng., accident reconstruction" after his name. ECF No. 70-3 at 1. Moreover, the curriculum vitae of Mr. Tully identifies him as an accident reconstruction expert; the disclosure references his expertise in accident reconstruction; neither the August 10, 2025 email nor the report itself identify Mr. Tully as a doctor or indicate that he possesses a medical degree; and even a superficial review of the report itself confirms that Kevin Tully was offered to opine on issues relating to accident reconstruction, not medical matters. ECF No. 70-3. In sum, plaintiffs' counsel's excuse is pretextual.

Accordingly, plaintiffs' motion is denied. The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 70. The parties are directed to submit a status report no later than July 28, 2026. If the parties are mutually interested in mediation, they should so inform the Court for purposes of referral.

Dated: July 7, 2026
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE